Judgment affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.

JASINTHE TRADING CORPORATION and ELF TRADING CORPORATION, Appellants, v. ANDREAS KEUP and Others, Defendants, Impleaded with IRVING BACHRACH and IRA ROSENSTOCK, Respondents. (Premises No. 1748 First Avenue.) — Judgment so far as appealed from affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.

JASINTHE TRADING CORPORATION and ELF TRADING CORPORATION, Appellants, v. ANDREAS KEUP and Others, Defendants, Impleaded with IRVING BACHRACH and IRA ROSENSTOCK, Respondents. (Premises No. 1746 First Avenue.) — Judgment so far as appealed from affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.

In the Matter of the Estate of TONY GRECO, an Incompetent Person. FRANK T. HINES, as Administrator, etc., Appellant; ANGELO A. DE VITO, Respondent. — Order affirmed, with twenty dollars costs and disbursements to the respondent payable out of the estate. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.

LUISE SQUIRE, Respondent, v. F. W. WOOLWORTH COMPANY, Appellant.— Judgment affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Sherman, JJ.

## SECOND DEPARTMENT, MARCH, 1933.

In the Matter of Acquiring Title by THE CITY OF NEW YORK, Appellant, to Certain Lands and Premises Situate on the Southerly Side of Neptune Avenue, between West Thirty-third and West Thirty-fifth Streets, in the Borough of Brooklyn, City of New York, Duly Selected as a Site for School Purposes, According to Law. AGELOFF REALTY CO., INC., Respondent.

PER CURIAM. The claimant's title may not be sustained on the language respecting land under water, contained in the Tracey deed. (*Nevins* v. *Friedauer*, 198 App. Div. 250.) The *Nevins* case concerned land to the north of Neptune avenue and involved many other factors not here present. It was there noted that title to similar land south of Neptune avenue was not contested by the city. The holding in that case, therefore, is not decisive of this case, except in so far as concerns the naked effect of the language in the Tracey deed. The claimant's title herein to the school site can be sustained on several grounds. One suffices — to wit, that the school site is within the description of upland in the Tracey deed as a consequence of the doctrine of accretion. The town of Gravesend, acting in its governmental capacity in laying out Neptune avenue, could not deprive the upland owner of lot 46 of his riparian rights, which enabled the upland owner to have the full benefit of accretion, which was accelerated by the acts of the town in laying out Neptune avenue. Either or both of these causes resulted in the mean high-water line of Gravesend bay being to the north of Neptune avenue on May 1,